UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason George and Timothy Gillen, *as Trustees of the Operating Engineers Local #49 Health and Welfare Fund and their successor(s)*; Jason George and Michael McNamara *and their successors as Trustees of the Operating Engineers Local #49 Defined Contribution Plan*; Joseph Shelton, *and his successor(s) as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers*; and Jason George and Jeffrey Carlson, *and their successor(s) as Trustees of the Local #49 I.U.O.E. and Associated General Contractors of Minnesota Apprenticeship and Training Program*, | Civil No. 23-2409 (DWF/DTS) |
| Plaintiffs, | FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER FOR DEFAULT |
| v. | |
| J&J Crane LLC and Jonathan G. Adler, *individually*, | |
| Defendants. | |

This matter came before the District Court for a hearing on Plaintiffs' Motion for a Default Order and Injunction (Doc. No. 11) on December 8, 2023.

Amanda R. Cefalu, Esq., Reinhart Boerner Van Deuren, appeared on behalf of Plaintiffs. Defendants did not appear. Based upon all the filings in the record and arguments of counsel, the District Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiffs are trustees and fiduciaries of the above-captioned funds (hereinafter "Funds"). The Funds are multi-employer jointly trusteed fringe benefit plans created and maintained pursuant to Sections 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §§ 186(c)(5), 186(c)(6). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA").

2. Plaintiffs, and any subsequently appointed successors, are fiduciaries of the respective Funds under ERISA § 3(21), 29 U.S.C. § 1002(21).

3. Defendant J&J Crane LLC is a Minnesota business corporation engaged in the construction business with a registered office address of 14469 Highway 19 Boulevard, Welch, Minnesota 55089-5508.

4. Defendants J&J Crane LLC and Jonathan G. Adler are employers within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. Defendants are employers which agreed to be bound to a collective bargaining agreement ("CBA"), specifically the Minnesota Builders Agreement, with the International Union of Operating Engineers, Local No. 49 effective through the present.

6. The CBA requires, among other things, that signatory employers pay fringe benefit contributions to the Funds in accordance with the terms of the CBA. These contributions must be made on behalf of all employees covered by the CBA for

hours worked in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

7. The CBA and Trust Agreement require employers, such as Defendants, to contribute every month, not later than the fifteenth (15th) of the following month, such sums for pension, health and welfare coverage, and apprenticeship benefits, an amount for each hour worked by all employees covered by the CBA.  Each payment shall be accompanied by a report form as specified by the Trustees and must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

8. The CBA, the Funds' Statement of Policy on Collection and Auditing, and the Funds' Trust Agreement all provide that if Wilson-McShane has not received an employer's remittance reports and payment for contributions on or before the 10th day of the month following the month in which contributions are due and owing that employer is considered "delinquent" and is liable for unpaid contributions, liquidated damages in the amount of 15% of the unpaid contributions, reasonable attorney's fees, interest in the amount of eight percent (8%) per annum, and other expenses incurred by the Plaintiffs incurred in taking action on the employer's delinquency.

9. Defendant Jonathan G. Adler ("Adler") is an individual and an officer, manager, and/or owner of J&J Crane LLC who agreed to be personally liable to the Operating Engineers Local #49 Health and Welfare Fund for unpaid fringe benefit contributions and penalties.

10. Prior to the commencement of this lawsuit, Defendants had failed to submit fringe fund remittance reports and contribution payments for hours worked by Defendant J&J Crane LLC's employees during the period of March 2023 through June 2023 and were therefore delinquent in the submission of reports and contributions owed to Plaintiffs.

11. Upon information and belief, Defendants' employees have performed covered work during the months of March 2023 to present for which hours should have been reported and benefits paid to the Funds.

12. Subsequent to the Complaint being filed and served in this action, Defendant J&J Crane LLC submitted fringe fund remittance reports for the months of March 2023 through May 2023, along with payment for the contributions owed, but did not submit payment for the 15% owed in liquidated damages ($6,288.94) and interest owed in the amount of $682.50 (8% of $41,526.26 - $9.10 per diem for 75 days) owed for those delinquent contributions.

13. As of the date of this filing, Defendants have failed to submit the fringe fund remittance reports due for the period of June 2023 through September 2023.

14. In order to ascertain the amount owed for fringe benefit contributions to Plaintiffs, Defendant J&J Crane LLC must provide fringe fund remittance reports accurately disclosing hours worked by covered employees for the period of June 2023 through October 2023 (or all reports due through the date of the Court's Order).

15. The CBA and Trust Agreement provide that Plaintiffs are entitled to their reasonable attorney's fees and costs of this action.

16. The Summons and Complaint were filed on August 9, 2023. Service was accomplished upon Defendant Jonathan G. Adler on August 15, 2023 and Defendant J&J Crane LLC on August 21, 2023.

17. Defendants have failed to file and serve a response or answer to the Complaint. The Clerk's Entry of Default was entered on September 13, 2023.

## CONCLUSIONS OF LAW

1. Defendants J&J Crane LLC and Adler are in default, and Plaintiffs are entitled to the relief demanded in the Complaint.

2. Defendants have breached their obligation under the CBAs by failing to timely submit all fringe fund remittance reports disclosing hours worked by covered employees for the period of March 2023 through October 2023.

3. Defendant J&J Crane LLC is liable to Plaintiffs for any unpaid fringe benefit contributions found to be due and owing pursuant to the remittance reports for March 2023 through October 2023. Defendant Adler is liable to the Health Fund for any unpaid contributions owed to the Health Fund for this period.

4. Defendants must submit the remittance reports owed for June 2023 through October 2023 in order to allow the Funds to calculate the amount owed for employee hours worked during this period and to quantify damages under ERISA §502(g)(1). Without an order requiring such reports to be submitted the Funds will be without an adequate remedy at law.

## ORDER

1. That Plaintiffs' Motion for Entry of Default Order and Injunction (Doc. No. [11]) is **GRANTED**.

2. Defendants J&J Crane LLC and Jonathan Adler are ordered to submit the fringe fund remittance reports due for the months of June 2023 through October 2023 to Wilson-McShane Corporation, 500 Metro Drive, Suite 300, Bloomington, MN 55425 accurately disclosing all covered hours worked by Defendants' employees in accordance with the CBA within ten (10) days of the Court's order.

3. Defendants are liable to the Funds for all fringe benefit contributions found to be due and unpaid for March 2023 through October 2023, together with liquidated damages of 15%, interest due on any unpaid contributions at the rate of 8%, and attorney's fees and costs incurred in collecting the delinquency pursuant to 29 U.S.C. § 1132(a) and (g) and the CBA.

4. Defendant Jonathan Adler is personally liable for any amounts owed to the Health Fund, liquidated damages, and interest for the period of March 2023 through October 2023 as evidenced by such remittance reports.

5. Upon receipt of the remittance reports, Plaintiffs may move the District Court for the entry of a judgment for all unpaid contributions owed pursuant to hours worked from June 2023 through October 2023, including liquidated damages, interest, and reasonable attorney fees and costs, as shown by declaration filed with the Court.

The Court shall enter judgment fourteen (14) days after service of the motion and declaration on Defendants.

Dated:  December 8, 2023                     s/Donovan W. Frank
                                                             DONOVAN W. FRANK
                                                             United States District Judge